IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AIN EALEY,<br><br>    Plaintiff,<br><br>v.<br><br>FOCUS OF GEORGIA, INC.<br><br>    Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Ain Ealey ("Plaintiff" or "Ms. Ealey"), by and through undersigned counsel, and files this Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of her rights under the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et. seq.* ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII").

1

## ADMINISTRATIVE PROCEDURES

2.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed her charge of discrimination against Defendant with the EEOC, and the EEOC issued its Notice of Right to Sue on or about January 15, 2020.

3.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## JURISDICTION AND VENUE

4.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1981.

5.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §1981, venue is appropriate in this Court.

## **PARTIES**

6.

Plaintiff is subject to the jurisdiction of this Court. Plaintiff identifies her race as black.

7.

At all times relevant Defendant Focus of Georgia, Inc. ("Defendant" or "Focus"), was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Bryan Shockley, 200 Galleria Parkway, Suite 595, Atlanta, GA 30339 (Cobb County).

9.

Defendant is now and, at all times relevant hereto, has been a domestic profit company engaged in an industry affecting commerce. During all times relevant hereto, Defendant employed fifteen (15) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

## FACTUAL ALLEGATIONS

10.

Defendant Focus (staffing company) hired Plaintiff around February 11, 2019.

11.

Plaintiff was placed by Defendant Focus as a "QA Tester" for the Georgia Secretary of State on or about September 11, 2019 to test voting machines. The contract assignment was for a term of six months.

12.

On or about September 26, 2019, Plaintiff complained to her supervisor about the hostile work environment, that the black employees were working more than the other non-black employees and that the non-black employees would not be punished for infractions.

13.

Plaintiff also complained about a white co-worker who spoke in a derogatory, condescending, and hostile manner to black employees.

14.

Plaintiff also complained about a white co-worker who spoke in "black talk" and made comments related to white supremacists and the KKK.

15.

On or about October 1, 2019, Plaintiff was notified by Defendant that her assignment with the Secretary of State had ended due to the assignment being completed and "lack of work."

16.

Another black female co-worker of Plaintiff's was also notified on October 1, 2019 that her assignment with the Secretary of State had ended.

17.

A few weeks prior to Plaintiff's termination, another black female employee was terminated from her employment with Defendant.

18.

On October 2, 2019, Plaintiff spoke with a supervisor at the Secretary of State who alleged that he was unaware of her termination from the contract position.

19.

That same day, Plaintiff also spoke with Defendant representative Lisa Stokes and expressed her concern of racial discrimination and retaliation.

20.

On October 2, Plaintiff met with Defendant representative Beth Cain and requested an in-person meeting with Defendant CEO.

21.

On or about October 4, 2019, Plaintiff complained to Defendant CEO about her belief that her termination from the Secretary of State position was because of her race and in retaliation.

22.

On or about October 24, 2019, Plaintiff received a termination letter from Defendant CEO/President, which stated that the assignment ended because of Plaintiff's "misconduct."

23.

Plaintiff had not been reprimanded or notified of any alleged misconduct and was told that she was one of the top performers at the job site. Defendant representative Lisa Stokes also told Plaintiff that there had been no negative remarks about Plaintiff's conduct or performance.

24.

Plaintiff's co-workers continued to work on the assignment, despite Defendant stating that the assignment had ended and there was a "lack of work."

25.

Instead of investigating Plaintiff's complaints of discrimination and retaliation, Defendant terminated Plaintiff's employment.

26.

Defendant did not investigate Plaintiff's complaints.

27.

Plaintiff engaged in protected conduct while employed by Defendant.

28.

Others outside of the Plaintiff's protected class were treated differently.

## **CLAIMS FOR RELIEF**

### **CLAIM I:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

29.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

30.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination and retaliation on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

31.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

32.

At all times relevant, Plaintiff was a member of a protected class. Others outside of Plaintiff's protected class were treated differently than Plaintiff.

33.

Plaintiff was qualified to perform her position.

34.

Plaintiff was terminated because of her protected characteristic(s).

35.

In terminating Plaintiff's employment, Defendant discriminated against Plaintiff on the basis of her race in violation of Title VII.

36.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights.

37.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her race.

38.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

39.

As a result of Defendant's unlawful actions, Plaintiff has suffered, among other things, pecuniary and non-pecuniary losses for which she is entitled to recover from Defendant. Among other things, Plaintiff has suffered lost wages and substantial emotional distress. Defendant's unlawful actions were willful and done in reckless disregard for Plaintiff's protected rights. Plaintiff is entitled to an award of punitive damages.

## **CLAIM II: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

40.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

41.

Defendant subjected Plaintiff to adverse employment actions when Plaintiff engaged in protected conduct.

42.

There was a causal connection between the protected conduct and the adverse action.

43.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

44.

Defendant, therefore, is liable for the damages caused proximately by its retaliation.

## COUNT III: VIOLATION OF 42 U.S.C. § 1981

45.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

46.

Defendant subjected Plaintiff to discrimination and harassment on the basis of her race.

47.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

48.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of her race.

49.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well being.

50.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health, and has lost back pay and front pay.

51.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

52.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

**COUNT IV:  VIOLATION OF 42 U.S.C. § 1981 RETALIATION**

53.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

54.

Plaintiff engaged in protected conduct when she complained about race-based discrimination.

55.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

56.

There was a causal connection between the protected conduct and the adverse action.

57.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

58.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)  All other relief to which she may be entitled.

Respectfully submitted the 28th day of February, 2020.

          **BARRETT & FARAHANY**

           /s/ Sheri Bagheri
          Sheri Bagheri
          Georgia Bar No. 174460

          *Attorneys for Plaintiff*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
sheri@justiceatwork.com